UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LISA J. GILLARD,

    Plaintiff,

    v.

PROVEN METHOD SEMINARS, LLC,

    Defendant.

No. 09 C 5292
Judge James B. Zagel

**MEMORANDUM OPINION AND ORDER**

On October 29, 2009 *pro se* Plaintiff, Lisa J. Gillard, filed a first amended complaint alleging violations of Title II of the Civil Rights Act of 1964, the ADA Amendments Act of 2008, section 504 of the Rehabilitation Act of 1973, and Title VI of the Civil Rights Act of 1964. Plaintiff alleges that her civil and human rights were violated when she was asked to leave an open seating conference area. Defendant now moves to dismiss Plaintiff's first amended complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1). For the following reasons, Defendant's motion to dismiss Plaintiff's complaint is granted.

**I. BACKGROUND**

Plaintiff is an African-American female who practices Buddhism. She alleges that she has a mental handicap that affects her reading comprehension skills.

On May 20, 2009 Plaintiff attend a National Grants Conference conference (by invitation) at the Holiday Inn Chicago North Shore in Skokie, Illinois.[1] When Plaintiff arrived, she sat in an open seating area on the west side of the room. Later, she claims that she moved to the east side of the room where it was less crowded. Soon after relocating, Plaintiff states that she was approached by a

---

[1] In her complaint, Plaintiff uses the names "Proven Methods Seminars" and "National Grants Conference" interchangeably to refer to the named defendant in this matter.

man "who did not identify himself" and was asked why she had moved from one side of the conference room to the other. Plaintiff explains that she did not immediately respond because the man used an abrasive tone. Subsequently, Plaintiff was asked to leave the seating area and the conference. Plaintiff alleges that Defendant asked the Assistant General Hotel Manager, Demetrius Hall, to escort her off the premises. She was later informed that the unidentified male who asked her to leave the seating area was John Pigott, a Regional Director for the National Grants Conferences.

On May 21, 2009 Plaintiff filed a complaint with the Better Business Bureau to report the alleged incident. Plaintiff also allegedly contacted the Illinois Department of Human Rights via telephone to discuss the issue of diversity of jurisdiction and "state agency compliance with the Better Business Bureau."

Plaintiff's four-count complaint alleges violations of Title II of the Civil Rights Act of 1964, the ADA Amended Act of 2008, Section 504 of the Rehabilitation Act of 1973, and Title VI of the Civil Rights Act of 1964 respectively. Plaintiff seeks injunctive relief and $80,000,000.00 in restitution.

## II. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) requires that I analyze the legal sufficiency of the complaint, and not the factual merits of the case. *Autry v. Northwest Premium Servs., Inc.*, 144 F.3d 1037, 1039 (7th Cir.1998). I must take all facts alleged in Plaintiff's complaint as true and draw all reasonable inferences from those facts in favor of Plaintiff. *Caldwell v. City of Elwood*, 959 F.2d 670, 671 (7th Cir.1992). Plaintiff, for her part, must do more than solely recite the elements for a violation; she must plead with sufficient particularity so that her right to relief is more than a mere conjecture. *Bell Atl., Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must plead her facts so

that, when accepted as true, they show the plausibility of her claim for relief. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Plaintiff must do more than plead facts that are "consistent with Defendants' liability" because that only shows the possibility, not the plausibility, of her entitlement to relief. *Id.* (internal quotations omitted).

The same standard applies to a motion based on standing under 12(b)(1). *Freiburger v. Emery Air Charter, Inc.*, 795 F.Supp. 253, 256-57 (N.D. Ill.1992) (citations omitted).

### III. DISCUSSION

#### A. Count I is dismissed for lack of subject-matter jurisdiction.

A plaintiff must notify the appropriate state or local agency at least thirty days prior to bringing the Title II action. 42 U.S.C. §2000a-3(c ); *Stearnes v. Baur's Opera House, Inc.*, 3 F.3d 1142, 1144-45 (7th Cir. 1993). Title II states that "no civil action be brought [] before the expiration of thirty days after written notice of such alleged act or practice has been given to the appropriate State or local authority by registered mail or in person." 42. U.S.C. § 2000a-3 (c).

In *Stearnes*, the Seventh Circuit raised the issue of jurisdiction *sua sponte*. *Stearnes*, 3 F.3d at 1144. The Court noted that in accordance with the Illinois Human Rights Act, it is Illinois policy "[t]o secure for all individuals within Illinois the freedom from discrimination from race, color [or] religion. . . in connection with . . .the availability of public accommodations." *Id*. at 1144-45; 775 IL. COMP. STAT. 5/1-102(A). In accordance with this goal, Illinois has established a Department of Human Rights which has the power to file complaints with the Illinois Human Rights Commission in conformity with the Illinois Human Rights Act. 775 IL. COMP. STAT. 5/7-101(D). In *Stearnes*, the plaintiff did not notify the Department of Human Rights or any other state or local authority before he filed suit in federal court under Title II. Accordingly, the Seventh Circuit remanded the

3

case to the district court and ordered that the case be dismissed for lack of jurisdiction. *Stearnes*, 3 F.3d at 1145.

Here, Plaintiff contends that she filed a complaint with the Better Business Bureau ("BBB") and that she contacted the Illinois Department of Human Rights "via telephone on the diversity of jurisdiction issue and state agency compliance with the BBB." These notifications are insufficient to satisfy the statutory requirements of Title II. First, filing a complaint with the BBB is insufficient because the BBB is a private, nonprofit organization and therefore does not satisfy the statutory requirement that the Department of Human Rights, or another state or local authority, be notified before filing suit. Second, while Plaintiff alleges that she contacted the Illinois Department of Human Rights via telephone, this similarly does not satisfy the procedural requirements necessary to maintain a Title II claim because written notice must be given to an appropriate authority. Accordingly, this Court does not have jurisdiction over Plaintiff's claim and Count I is dismissed.

B. Count II[2] fails to state a claim upon which relief can be granted.

In Count II, Plaintiff alleges that Defendant violated the Americans with Disabilities Act ("ADA") when it denied her the full use and enjoyment of the National Grants Conference. The ADA prohibits the owner or operator of a facility that is open to the public from discriminating against a person on the basis of a disability. 42 U.S.C. § 12182(a)

---

[2] In count II, Plaintiff makes a claim under the "ADA Amendments Act of 2008." There is, however, no separate cause of action under that legislation. ADA Amendments Act of 2008, Pub L. No. 210-325 (2008). In its response, Defendant proceeds under the assumption that Plaintiff intended to assert a claim under Title III of the Americans with Disabilities Act. Plaintiff failed to clarify this point in her response. Construing all facts in favor of the Plaintiff, as I must for purposes of this motion, I will assume that Plaintiff intended to plead Count II under Title III of the Americans with Disabilities Act.

A plaintiff must plead more than "bare-bones conclusory [] allegations" to survive a motion to dismiss. *Garth-Richardon v. Univ. of Ill.*, No. 03 C 5406, 2004 WL 726135, at *3 (N.D. Ill. Apr. 1, 2004) (dismissing ADA and Section 504 claims where complaint contained only conclusory allegations of discrimination). In her complaint, Plaintiff alleges that "her civil and human rights were violated when she was asked to leave the open seating conference area due to the public accommodations provision under ADA Amendments Act of 2008 because Plaintiff has a legally cognizable mental disability that affects her reading." Plaintiff fails, however, to allege any facts to show that Defendant could have been aware of her mental disability at the time she was removed from the conference. In her response, Plaintiff argues that Defendant was aware of her disability because she moved from a crowded area of the conference room to an area with less participants as to "learn, think, and concentrate better."

Although I must take all facts alleged in Plaintiff's complaint as true, drawing all reasonable inferences in her favor (*Caldwell*, 959 F.2d at 671), Plaintiff must plead facts so that, when accepted as true, they show the plausibility of her claim for relief. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Plaintiff has failed to plead facts sufficient to show that Defendant was plausibly aware of her mental disability when she was asked to leave the conference. As such, Count II is dismissed.

C. Count III fails as a matter of law.

Plaintiff alleges that Defendants violated Section 504 of the Rehabilitation Act. Section 504 states that no individual with a disability shall be subjected to discrimination under any program or activity that receives Federal financial assistance or is conducted by any Executive agency or the United States Postal Service. Therefore, to be subject to the Rehabilitation Act, a party must receive Federal funding. *Grzan v. Charter Hospital of N.W. Ind.*, 104 F.3d 116, 119 (7th Cir. 1997). To survive a motion to dismiss, a plaintiff must set out four elements: "(1) that [she] is a

5

'handicapped individual' under the Act; (2) that she is 'otherwise qualified' for the benefit sought; (3) that [she] was [discriminated against] solely by reason of her handicap; and (4) that the program or activity in question receives federal financial assistance." *Id*.

Plaintiff has failed to plead any facts to show that Defendant receives any federal financial assistance. Further, Defendant asserts in its response that it does not currently, nor has it ever, received Federal funding. Because Plaintiff has failed to properly plead a violation of Section 504, Count III is dismissed.

### D. Count IV fails as a matter of law.

Plaintiff brings Count IV pursuant to Title VI of the Civil Rights Act of 1964. Title VI prohibits discrimination on the basis of race, color or national origin in programs and activities receiving Federal financial assistance. 42 U.S.C. § 2000d. Plaintiff however has failed to allege that Defendant receives any financial assistance from the Federal government or any other government agency. Furthermore, Defendant has never received any financial assistance from the Federal government. Plaintiff's Title VI claim must therefore fail.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss Plaintiff's complaint is granted. Accordingly, Plaintiff's motion to discover Defendant's income, assets and property is denied as moot.

ENTER:

_____
James B. Zagel
United States District Judge

DATE: April 5, 2010